UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X

MICHAEL NORMAN,

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

                  Plaintiff,

  -against-

13-CV-1183 (KAM)(JO)

METROPOLITAN TRANSPORTATION AUTHORITY
and SERGEANT GARY HOYSTRADT,

                Defendants.

--------------------------------------X

**MATSUMOTO, United States District Judge:**

On March 6, 2013, plaintiff Michael Norman ("plaintiff") commenced this action against his employer, defendant Metropolitan Transportation Authority ("MTA"), and an individual supervisor, Sergeant Gary Hoysradt ("Hoysradt")[1], alleging that defendants discriminated against him based on his race, created a hostile work environment, and retaliated against him for filing an administrative complaint, in violation of various federal, state, and municipal laws. (*See generally* ECF No. 1, Complaint filed 3/6/13 ("Compl."); ECF No. 16, Amended Complaint filed 6/27/13 ("Am. Compl.").) Plaintiff seeks injunctive relief and an unspecified amount of damages. (Am. Compl. at 11.)

_____

[1] The Complaint and Amended Complaint incorrectly spell defendant's name as "Hoystradt." (*See* ECF No. 8, Plaintiff's Letter in Response to Request for Pre-Motion Conference dated 5/8/13, at 1 n.1.)

On October 8, 2013, defendants moved to dismiss plaintiff's Amended Complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). (ECF No. 20, Motion to Dismiss filed 10/8/13 ("Def. Mot."); ECF No. 21, Memorandum in Support of Motion to Dismiss filed 10/8/13 ("Def. Br."); ECF No. 22, Reply in Support of Motion to Dismiss filed 10/8/13 ("Def. Reply.").) On April 11, 2014, the court referred the defendants' motion to dismiss to the Honorable James Orenstein for a Report and Recommendation. (*See* Order Referring Motion 4/11/14.)

On August 1, 2014, Judge Orenstein issued a Report and Recommendation recommending that the defendants' motion pursuant to Rule 12(b)(6) be granted.[2] (ECF No. 25, Report and Recommendation dated 8/1/14 ("R&R").) Specifically, Judge Orenstein recommended dismissing plaintiff's federal and state law claims on the grounds of lack of timeliness and failure to exhaust administrative remedies (*see* R&R at 6-9), and failure to plead plausible claims of discrimination, retaliation, and a hostile work environment (*see* R&R at 9-17). The R&R further recommended that the court decline to exercise supplemental jurisdiction over plaintiff's municipal law claims. (R&R at 17-

---

[2] On *de novo* and clear error review, Judge Orenstein correctly determined that plaintiff's claim should not be dismissed pursuant to Rule 12(b)(1) because the failure to exhaust administrative remedies is not jurisdictional. (*See* ECF No. 25, Report and Recommendation dated 8/1/14 ("R&R"), at 5 n. 3.)

18).

The R&R also informed the parties that any objections to the report must be filed within fourteen days of receipt of the report, by August 18, 2014.  (*See* R&R at 18 (citing 28 U.S.C. § 636(b)(1)).)  Notice of the R&R was sent electronically to defendants via the court's electronic filing system on August 1, 2014.  On August 15, 2014, plaintiff filed an objection to the R&R.  (ECF No. 26; Plaintiff's Objection to R&R filed 8/15/14 ("Pl. Obj.").)  On August 28, 2014, defendants filed their opposition to plaintiff's objections.  (ECF No. 27, Defendants' Memorandum in Opposition to Objections filed 8/28/14 ("Opp. to Objections").)

## STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error."  *Zaretsky v. Maxi-*

*Aids, Inc.*, No. 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (internal quotation marks omitted); *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection"); *see also Soley v. Wasserman*, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011). The district court is "permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous." *Batista v. Walker*, No. 94 Civ. 2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) (citation and internal quotation marks and brackets omitted). Furthermore, even on *de novo* review of specific objections, the court "will not consider 'arguments, case law, and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (quoting *Kennedy v. Adamo*, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)).

## DISCUSSION

Plaintiff objects to two portions of the R&R. First, plaintiff argues that Judge Orenstein erred in recommending that plaintiff had not administratively exhausted his Title VII

discrimination claims to the extent they rested on Hoysradt's conduct prior to 2012. (Pl. Obj. at 1.) Second, plaintiff contends that Judge Orenstein used the wrong pleading standard in recommending that plaintiff had failed to "'allege an adverse action (at any time) that suffices to state a claim under Title VII, or the kind of objectively severe or pervasive discrimination that suffices to support a hostile work environment claim under federal or state law.'" (Pl. Obj. at 1-2, quoting R&R at 3-4.)

Plaintiff does not support his first objection regarding administrative exhaustion with any specificity as to the factual basis for his objection or any legal authority. Consequently, plaintiff's first objection fails to constitute an adequate objection to warrant *de novo* review. *See P & C Food Markets, Inc.*, 313 F.3d at 766.

As to plaintiff's second objection, plaintiff merely restates the same arguments already raised in his opposition to the motion to dismiss. (*See* ECF No. 24, Plaintiff's Opposition to Motion to Dismiss filed 10/8/13 ("Pl. Opp."), at 4-5.) Accordingly, the court will review the R&R strictly for clear error. *Zaretsky*, 2012 WL 2345181, at *1.

Upon a review of the R&R and the record for clear

error, the court finds none.[3]  Thus, the court respectfully overrules plaintiff's objections, and adopts Judge Orenstein's R&R in full.

**CONCLUSION**

Upon a careful review of the record and Judge Orenstein's well-reasoned and thorough Report and Recommendation, the court finds no clear error and hereby affirms and adopts the Report and Recommendation in its entirety as the opinion of the court.  Accordingly, defendant's motion to dismiss is granted in its entirety.  The Clerk of Court is respectfully directed to enter judgment in favor of defendant and close this case.

**SO ORDERED.**

Dated:    September 15, 2014
          Brooklyn, New York

                                        _____        /s/_____
                                        Kiyo A. Matsumoto
                                        United States District Judge

---

[3]      In an abundance of caution, the court, having reviewed the record and relevant legal authorities in light of plaintiff's objections, finds that dismissal of plaintiff's claims is warranted even under *de novo* review.